JONES, Justice:
Miss Mary Pelham Finlay, eighty-seven years of age, unmarried, died in Washington County, Mississippi, on January 2, 1968. On January 8, 1968, Mary Kathryn Finlay filed for probate in common form in the Chancery Court of Washington County an instrument in writing, which reads as follows :
I Mary Pelham Finlay of Greenville, Washington County Mississippi, being of sound mind do make and publish this My last will and Testament, hereby revoking all others heretofore made.
After the payment of my just debts and Funeral expenses I will devise, give and bequeath all of my property real, personal and mixed as follows:
To Mary Kathryn Finlay
I give devise and bequeath my interest in the Home Place which is described as follows to wit: Lot Eighteen (18) of Block Six (6) of the Fairview Gardens Addition to the City of Greenville, Washington County, Mississippi and being the same property known by street number as 1264 Fairview Ave in said City, County and State.
I also give and bequeath to Mary Kathryn Finlay my niece all Furniture, fixtures, Pictures and personal effects now owned and which may be owned by me at the time of my death.
I hereby nominate and appoint Mary Kathryn Finlay sole executor of this my *859 last will and Testament and hereby revoke all former wills made by me, giving her full power to act without Bond and without obtaining any order of court and dispense with all court orders as in law I may dispense with. In witness whereof I have here unto set my hand and seal this the _ day of Dec. 1967.
(THE WORD WRITTEN) Signed

The foregoing was signed and published as and declared to be her last Will & Testament in the presence of us, who as her request and in her presence & in the presence of each other, have subscribed our names as witnesses thereto.
Witnesses: -

The petition for probate of said instrument, alleging it to be a holographic will, presented affidavits of acquaintances that the instrument was wholly in the handwriting of the deceased. Whereupon, the said instrument was admitted to probate in common form as the last will and testament of decedent.
These proceedings were in vacation January 16, 1968, and proper petition for contest of the alleged will was filed by Mary Pelham Hunt, a niece. Answer to the petition was filed, and when the regular term of court met in February 1968, the matter was heard on stipulations as to the age and death of the testatrix, and the relationship of the parties to the proceedings.
The record of probate, of course, was in evidence. The court, on hearing, set aside the probate of said instrument holding it to be no will and that the said Mary Pelham Finlay died intestate. He also revoked the letters testamentary issued when the will was admitted in common form.
We agree with the chancellor. The will is not subscribed as required by our statute for a holographic will.
Appellants here argue that since the will had been admitted to probate in common form, a prima facie case was made at the hearing when the record of its admission to probate was introduced. There is no merit in this contention. The purported will was a part of the proceedings for its admission to probate and showed on its face that it was not a will because it was not executed in accordance with our laws. Sears v. Sears, 77 Ohio St. 104, 82 N.E. 1067 (1907).
It is contended that the writing on the envelope to-wit: “Last Will & Testament of M. P. Finlay” in which envelope the said instrument was enclosed constitutes a subscription. We cannot agree. 94 C.J.S. Wills § 205, p. 1047 (1956); 57 Am.Jur. Wills § 266, p. 213 (1948).
The last argument by appellants is that the word “signed” at the end of the instrument was adopted by the testatrix as her signature. There is no proof of this.
Compare Wilson v. Polite et al., 218 So. 2d 843 (decided February 3, 1969).
Affirmed.
GILLESPIE, P. J., and BRADY, IN-ZER, and ROBERTSON, JJ., concur.